IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No CR 04-0219 VRW |
|     Plaintiff, | ORDER |
|   v | |
| ROSARIO CHARO HAMPSCH, | |
|     Defendant. | |

Between May 30 and July 11, 2007, the court received seven letters from defendant Rosario Hampsch, who is currently incarcerated while serving her sentence. Doc ##70-76. The letters concern injuries defendant allegedly received in an assault by another inmate. Defendant requests to be transferred to a prison near her home and for various other relief.

Defendant is hereby advised that the sentencing court lacks authority to determine where a particular prisoner is housed. Once judgment is entered and the defendant is placed in the custody of the Bureau of Prisons, all decisions about the manner in which the sentence is executed, including where the defendant is housed, rest with that agency.

1  The sentencing court similarly lacks jurisdiction over complaints arising from a prisoner's conditions of confinement. Issues pertaining to the manner in which a defendant's sentence is executed may not be presented to the sentencing court. <u>United States v Giddings</u>, 740 F2d 770, 771 (9th Cir 1984). Rather, such complaints must be brought by means of a petition for writ of habeas corpus under 28 USC § 2241 in the federal judicial district in which defendant is serving her sentence. Id at 771-72.

Defendant is further advised that all correspondence directed to the sentencing judge will be placed in the court file, but the court will not otherwise respond to or address issues raised in correspondence from defendant.

The clerk is directed to send copies of this order both to defendant and to defendant's counsel, deputy federal public defender Ron Tyler.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge